## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

_____

THE ESTATE OF ROBERT A. BURNS,
through Personal Representative
CARLTON MADISON TALLEY, JR.,

       Plaintiff,

    v.                          Case No. 1:24-cv-00860-WJ/GBW

RAYMOND G. MURPHY VETERANS' AFFAIRS
MEDICAL CENTER, THE DEPARTMENT OF
VETERANS' AFFAIRS, THE UNITED STATES
OF AMERICA, BOARD OF REGENTS OF THE
UNIVERSITY OF NEW MEXICO, UNIVERSITY
OF NEW MEXICO HEALTH SCIENCES CENTER,
UNIVERSITY OF NEW MEXICO SCHOOL OF
MEDICINE, BLAVIR RUKOV, M.D., DANIEL PADILLA,
M.D., TRAVIS J. CAMPBELL, M.D., ASHLEY M.
CHAVEZ, R.N., SUSAN A. SEGURA WILLIAMS, LCSW,
CHRSTINA R. CAMACHO, LCSW, BRENDA MAYNE,
Ph.D., John/Jane Does-15, and Doe Corporations 1-5,

       Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING UNIVERSITY OF NEW MEXICO DEFENDANTS'
## PARTIAL MOTION TO DISMISS

**THIS MATTER** comes before the Court upon The Regents of the University of New Mexico's ("UNM Defendants")[1] Motion to Dismiss (**Doc. 17**), Plaintiff's Response (**Doc. 21**), and the UNM Defendants' Reply (**Doc. 30**). After reviewing the Complaint, pleadings, and applicable law, the Court **GRANTS** the Motion to Dismiss Plaintiff's New Mexico Tort Claims Act ("NMTCA") claim against the UNM Defendants.[2]

_____

[1] This motion to dismiss was filed on behalf of: (1) the Board of Regents of the University of New Mexico, (2) the University of New Mexico Health Sciences Center, and (3) the University of New Mexico School of Medicine—collectively, the UNM Defendants.

[2] The Court does not number the cause of action here (*i.e.*, Count I, Count II, etc.) because the Complaint didn't. Of course, numbering each cause of action is a best practice. *Cf. Guinn v. Jeffco Combined Cts.*, 537

## BACKGROUND

The Estate of Robert A. Burns, through Personal Representative, Carlton Madison Talley, Jr., ("Plaintiff") a filed a Complaint (**Doc. 1**) against myriad Defendants for their "acts and omissions" surrounding Burns's suicide. *Id.* **at ¶ 200**. Relevant here is the Estate's state law wrongful death cause of action—*see id.* **at ¶¶ 97, 98, 154, 174, 181, 183, 195, 197, 200, 201**— presumably brought under the NMTCA. *See* NMSA 1978 §§ 41-4-1, *et seq*.

The UNM Defendants argue that dismissal is required because Plaintiff did not provide proper notice under the NMTCA. *See* **Doc. 17 at 3**; *see also* **Doc. 17-1**. From the UNM Defendants' perspective, this is dispositive. *See* **Doc. 17 at 5** (requesting "dismissal with prejudice" for "fail[ure] to comply with Section 41-1-16"). Plaintiff argues the "UNM Defendants had actual notice of the claims," so their Motion should be denied. **Doc. 21 at 1**.

## LEGAL STANDARD

### I. State Substantive Law

A claim brought under New Mexico's Wrongful Death Act, *see* NMSA 1978 § 41-2-1, must be viewed through the language of the NMTCA. *See id.* at § 41-4-17 ("The Tort Claims Act shall be the exclusive remedy against a governmental entity or public employee for any tort for which

---

F. App'x 790, 791 (10th Cir. 2013) (unpublished) (noting Plaintiff's "fail[ure] to number each one of his claims separately").

Frankly, Plaintiff's Complaint is disorganized and confusing. One paragraph is entirely blank. **Doc. 1 at ¶ 78** (stating, in full, as follows: "78. ."). And paragraph 83 uses two different fonts. *Id.* **at ¶ 83**. Aside from passing references to the Federal Tort Claims Act ("FTCA") and NMTCA, the Complaint rambles about how both Acts violate the Constitution. *See id.* **at ¶¶ 188, 191, 194, 195, 198**. Further, the Complaint argues that immunity is antiquated. *See id.* **at ¶¶ 190 & 196**; *but see* Const. Amend. XI. At this juncture, it's not entirely clear what remedy—if any—Plaintiff seeks based on those paragraphs of the Complaint.

That brings the Court to its next point. Given the Complaint's lack of organization, the Court is not certain about what causes of action are being asserted. Negligence, wrongful death, and the NMTCA are all mentioned—but the Court has no idea if these are related or are separate claims. The Complaint is almost a "shotgun pleading"—*i.e.*, a "recitation of an extended factual narrative followed by pleading numerous claims without adequately specifying which facts apply to which claims and which parties." *Fawley v. Lucero*, 2023 U.S. App. LEXIS 5994, at *2 (10th Cir. Mar. 14, 2023) (unpublished). As such, it comes close to violating Rule 8. *See Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).

immunity has been waived under the Tort Claims Act . . . ."). Prior to bringing a claim against a Government-entity defendant, the NMTCA requires "written notice stating the time, place and circumstances of the loss or injury" unless "the government entity had actual notice of the occurrence." NMSA 1978 §§ 41-4-16(A) & (B).

The second phrase—"actual notice of the occurrence"—must communicate a "likelihood that litigation may ensue." *See Lewis v. City of Santa Fe*, 2011 N.M. App. Unpub. LEXIS 47, at *8 (N.M. Ct. App. Feb. 10, 2011) (unpublished) (quoting *Lopez v. State*, 1996-NMSC-071, ¶ 10, 122 N.M. 611, 930 P.2d 146 (N.M. 1996)); *see also Coffey v. McKinley Cnty.*, 504 F. App'x 715, 719–20 (10th Cir. 2012) (unpublished). The purpose of the statute is "to ensure that the agency allegedly at fault is notified that it may be subject to a lawsuit." *Childers v. FedEx Ground Package Sys., Inc.*, 735 F. Supp. 3d 1393, 1400 (D.N.M. 2024) (quoting *City of Las Cruces v. Garcia*, 1984-NMSC-106, ¶ 5, 102 N.M. 25, 690 P.2d 1019 (N.M. 1984)). This means "mere awareness" about an occurrence is "insufficient" to put a governmental entity on notice under § 41-4-16. *Ganley v. Jojola*, 402 F. Supp. 3d 1021, 1075 (D.N.M. 2019) (citing *Powell v. N.M. State Highway & Transp. Dep't*, 1994-NMCA-035, ¶ 15, 872 P.2d 388, 117 N.M. 415 (N.M. Ct. App. 1994)).

* * *

The UNM Defendants carry "the burden of proving that the notice requirement was not met." *Dutton v. McKinley Cnty. Bd. of Comm'rs*, 1991-NMCA-130, ¶ 7, 113 N.M. 51, 822 P.2d 1134 (N.M. Ct. App. 1991); *see also Gallegos v. Bernalillo Cnty. Bd. of Cnty. Comm'rs*, 278 F. Supp. 3d 1245, 1269 (D.N.M. 2017). If proper notice is not proved, then a court lacks jurisdiction to consider the case. *See Galvan v. Bd. of Cnty. Comm'rs for Curry Cnty.*, 261 F. Supp. 3d 1140 (D.N.M. 2017) (citing NMSA 1978 § 41-4-16(B) ("No suit or action for which immunity has been waived under the Tort Claims Act shall be maintained and no court shall have jurisdiction to

consider any suit or action against the state or any local public body unless notice has been given as required by this section . . . .")).

## II. Federal Procedural Law

### A. Rule 12(b)(6)

To survive a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under Rule 12(b)(6), the Court: (1) accepts all well-pleaded facts as true, and (2) construes these facts in the light most favorable to the plaintiff. *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019).

When ruling on a 12(b)(6) motion, a court "typically" considers only the contents of the Complaint. *Goodwill Indus. of Cent. Okla., Inc. v. Phila. Indem. Ins. Co.*, 21 F.4th 704, 709 (10th Cir. 2021). There are exceptions to this rule though. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). One exception is that a court may consider any "document incorporated by reference . . . when no party disputes its authenticity." *Clinton v. Sec. Ben. Life. Ins. Co.*, 63 F.4th 1264, 1275 (10th Cir. 2023) (cleaned up). This includes documents incorporated in the Complaint as well as documents referred to in the Complaint. *Id.*

Here, the Complaint alleges the UNM Defendants had "actual notice of Mr. Burns death and the likelihood of a lawsuit." **Doc. 21 at 4–5** (citing **Doc. 1 at ¶ 95**). Thus, the existence of any written notice under the NMTCA is either incorporated by reference in the Complaint or central to the Complaint. To carry their burden that the notice requirement was not met, the UNM Defendants attached an affidavit (**Doc. 17-1**) to their motion. And Plaintiff did not dispute the Exhibit's

authenticity. *But see* **Doc. 21 at 2** (claiming, *incorrectly*, that the UNM Defendants did not "attach any evidence or affidavits to their motion . . . .").[3] As such, the Court can—and does—rely on this document. *Smith*, 561 F.3d at 1098 ("In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits . . . .").

### B. Rule 12(b)(1)

Motions to dismiss under Rule 12(b)(1) can be facial or factual attacks. *See Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015). A facial attack questions the sufficiency of the complaint but accepts as true the allegations contained therein. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). Alternatively, a factual attack goes beyond the allegations—and the reviewing court need not "presume the truthfulness of the complaint's factual allegations." *Id.* at 1003. Neither type of attack need be converted to a motion for summary judgment, though, *unless* "the jurisdictional question is intertwined with the merits of the case." *Garcia v. U.S. Air Force*, 533 F.3d 1170, 1176 (10th Cir. 2008).

Nevertheless, Plaintiff argues this motion to dismiss should be "treated as one for summary judgment," **Doc. 21 at 2**, if the Court considers "matters outside the pleadings." But that is not a proper recitation of the rule.

---

[3] At oral argument, Plaintiff's counsel proffered obliviousness with respect to the existence of this affidavit. In so doing, Plaintiff's counsel stated that the UNM Defendants never cited the affidavit in the Motion to Dismiss. But this is incorrect—the UNM Defendants cited to the affidavit twice. *See* **Doc. 17 at 3 & 5**. Additionally, this excuse flies in the face of the fact the Exhibit is clearly docketed on CM/ECF. *See* **Doc. 17** (including "Attachments: # 1 Exhibit"). Neither of these arguments contest authenticity, though.

Even though Plaintiff could not have included the written notice in the Complaint—because it doesn't exist—that does not prevent this Court from finding the existence of written notice is "central" to the claim and the UNM Defendants' affidavit is authentic. *See Walker v. Park Cnty. Sheriff's Off.*, 2022 U.S. App. LEXIS 4873, at *12 n.6 (10th Cir. Feb. 23, 2022) (unpublished); *Hartleib v. Weiser Law Firm, P.C.*, 861 F. App'x 714, 719 (10th Cir. 2021) (unpublished) (citing *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997)).

A Rule 12(b)(1) motion is construed as a Rule 12(b)(6) motion where Plaintiff's allegations are taken as true. *See Knellinger v. Young*, 134 F.4th 1034, 1041–42 (10th Cir. 2025). Even accepting Plaintiff's allegations as true, the Complaint is wholly devoid of any allegation that the UNM Defendants received "written notice" or any communication that litigation was likely.

Additionally, the jurisdictional question here is not intertwined with the merits. *Baker v. USD 229 Blue Valley*, 979 F.3d 866, 872 (10th Cir. 2020). That's because the basis for Plaintiff's subject matter jurisdiction is not the "same statute," *Jencks v. Modern Woodmen of Am.*, 479 F.3d 1261, 1263 n.2 (10th Cir. 2007), which provides the substantive claim. *Compare* **Doc. 1 at ¶¶ 55 & 59** (citing jurisdiction under 28 U.S.C. § 1346(b)), *and* ***id.*** **at ¶¶ 195, 197, 198** (citing the NMTCA).

## FACTS

Plaintiff argues the UNM Defendants had "actual notice of Mr. Burns' death" and "the possibility a lawsuit would be filed." **Doc. 21 at 3**. In so doing, Plaintiff cites to the following allegations from the Complaint:

- "Defendants allowed Veteran-Patient to access equipment and furnishings, including a ceiling-mounted lift which they knew or should have known could be used to cause self-harm up to and including death." **Doc. 1 at ¶ 46**;

- "Veteran-Patient hanged himself from the ceiling mounted lift in the bathroom and Defendants . . . failed to discover him for an inordinately lengthy period of time." ***Id.*** **at ¶ 48**;

- "Defendants . . . had actual notice of the negligent, reckless, and wanton care experienced by Veteran-Patient and knew it would form the basis of a lawsuit." ***Id.*** **at ¶ 95**; and

- "Defendants . . . knew, or should have known, that the negligent care experienced by Veteran-Patient formed the basis of a lawsuit and any failure of knowledge resulted from Defendants' failure to properly supervise their residents and employees and properly operate their Residency Program." ***Id.*** **at ¶ 96**.

## DISCUSSION

Accepting these allegations as true, the Court still does not find notice proper was provided. Plaintiff's logic that "[i]t is unfathomable that anyone at the hospital—let alone the UNM Defendants who treated Mr. Burns—would be unaware that they allowed one of their own patients to hang himself," **Doc. 21 at 5**, does not constitute sufficient notice under § 41-4-16. *See* **Doc. 17 at 2**; **Doc. 30 at 2**. The Complaint fails to adequately plead notice of likely litigation. *See* **Doc. 17 at 5 & 7**. The case law is quite clear on this point. Notice that litigation may ensue is what's required; and notice of the occurrence is not enough. *Lopez*, 1996-NMSC-071, at ¶¶ 11 & 12.

Moreover, "the alleged treatment and negligent acts did not take place at [UNM Hospital] nor was the patient a [UNM Hospital] patient." **Doc. 30 at 8**. At oral argument, the UNM Defendants forcefully argued that when viewing the totality of the circumstances, the fact that the UNM Defendants' lack of control over the Veterans Affairs medical center, a federal facility, provides yet another justification for dismissal. *See **id.*** (citing cases about the interplay of location and notice).

\* \* \*

Time and again judges in this District have granted motions to dismiss when a Plaintiff failed to provide the requisite notice under the NMTCA. *See, e.g., Roybal-Mack v. N.M. Dep't of Pub. Safety*, No. 17-cv-552, 2017 U.S. Dist. LEXIS 107038, at \*19–20 (D.N.M. July 11, 2017) (Johnson, J.); *Bernheisel v. CYFD*, No. 21-cv-37, 2022 U.S. Dist. LEXIS 77209, at \*7–9 (D.N.M. Apr. 28, 2022) (Gonzales, J.) ("A lack of proper notice deprives a court of jurisdiction to hear a NMTCA case."); *Cordero v. Froats*, No. 13-cv-031, 2016 U.S. Dist. LEXIS 66878, at \*12–16 (D.N.M. May 20, 2016) (Herrera, J.); *Mohammad v. Albuquerque Police Dep't*, No. 16-cv-776, 2017 U.S. Dist. LEXIS 68003, at \*5–7 (D.N.M. Mar. 15, 2017) (Brack, J.); *Lundvall v. Zumwalt*,

No. 00-cv-1470, 2001 U.S. Dist. LEXIS 28384, at *10–11 (D.N.M. Oct. 5, 2001) (Vázquez, J.) ("Plaintiff has not alleged that she provided the requisite notice . . . . Therefore, Plaintiff's state tort claims . . . must be dismissed."); *Est. of Robinson v. N.M. ex rel. Dep't of Child., Youth, & Fams.*, No. 06-cv-1009, 2007 U.S. Dist. LEXIS 114324, at *7–9 (D.N.M. Mar. 5, 2007) (Armijo, J.); *Ricks v. N.M. Adult Prob. & Parole Dep't*, No. 11-cv-608, 2012 U.S. Dist. LEXIS 190357, at *38–41 (D.N.M. Aug. 9, 2012) (Hansen, J.); *Gallegos*, 278 F. Supp. 3d at 1273–75 (Browning, J.); *Griffin v. City of Artesia*, No. 23-cv-215, 2023 U.S. Dist. LEXIS 219410, at *2–4 (D.N.M. Dec. 8, 2023) (Fouratt, J.).

Plaintiff's Complaint wholly omits pleading that the notice of litigation requirement was satisfied. As was true in the cases above, this Court is required to dismiss Plaintiff's NMTCA claim here for lack of notice—which ultimately deprives this Court of jurisdiction. Plaintiff may disagree with the law, but the Court is duty bound to follow it and cannot allow a case to move forward where the Court lacks jurisdiction.

* * * * *

Finally, the Court briefly circles back to its previous comments, *see supra* n.2, regarding sloppy drafting. The NMTCA only waives immunity for specific claims. Thus, a Plaintiff "may not sue a New Mexico governmental entity, or its employees or agents," unless that cause of action "fits within one of the exceptions to immunity that the NMTCA grants." *Pueblo of Pojoaque v. New Mexico*, 214 F. Supp. 3d 1028, 1087 (D.N.M. 2016) (citing cases). Relevant here is the fact that the UNM Defendants would not need to defend against a stand-alone negligence claim—even if proper notice had been provided. *See Murphy v. Sandoval Cnty.*, No. 17-cv-585, 2019 U.S. Dist. LEXIS 231138, at *11–12 (D.N.M. Feb. 8, 2019); *Strickland v. City of Las Cruces*, No. 23-cv-116, 2025 U.S. Dist. LEXIS 22692, at *6–7 (D.N.M. Feb. 6, 2025) (Gonzales, C.J.). The same is true

for any would-be claim negligent hiring or training. *See Lymon v. Aramark Corp.*, 499 F. App'x 771, 774 (10th Cir. 2012) (unpublished) (concluding "claims of negligent policy, training, supervision, etc., . . . f[a]ll outside the waivers of immunity in the NMTCA"). That's the very purpose of the notice requirement—to alert governmental defendants about prospective litigation.

The UNM Defendants presume Plaintiff's Complaint alleges claims for: (1) wrongful death and (2) negligent hiring, training, and retention. *See* **Doc. 17 at 3** (citing **Doc. 1**). But they point out the state law claims are "not specifically delineated." *Id.* As other courts have held, an entity with immunity is harmed by simply defending against a lawsuit. *See Kerchen v. Univ. of Mich.*, 100 F.4th 751, 760 (6th Cir. 2024) (referencing the "longstanding principle" that "sovereign immunity protects a state's dignity interests in avoiding ***not just*** ultimate liability, ***but litigating a suit itself***" (emphasis added)); *Jones v. Courtney*, 466 F. App'x 696, 702 (10th Cir. 2012) (Holmes, J.) (unpublished) (noting that a State retains immunity unless waived); *Philipp v. F.R.G.*, 436 F. Supp. 3d 61, 68 (D.D.C. 2020).

## CONCLUSION

Plaintiff did not sufficiently allege notice was provided under the NMTCA. And the UNM Defendants carried their burden of proof that the notice requirement was not met. *See* **Doc. 17-1**. Plaintiff's NMTCA claim must be dismissed. *See* Fed. R. Civ. P. 12(b)(6) & (b)(1).[4]

**IT IS THEREFORE ORDERED** that the UNM Defendants' Partial Motion to Dismiss (**Doc. 17**) is **GRANTED**. The NMTCA claim is **DISMISSED without prejudice** on jurisdictional

---

[4] Although a minor point, the parties' briefing cites to Federal Rules of Civil Procedure using the format of the New Mexico Rules. *See, e.g.,* **Doc. 17 at 1 & Doc. 21 at 2** (both citing "Fed. R. Civ. P. 1-012"). While the Court acknowledges attorneys may not be privy to all the Bluebook's citation rules, the proper citation is Fed. R. Civ. P. 12. *See generally* THE BLUEBOOK: A UNIFORM SYSTEM OF CITATION R. 19.3 (Columbia L. Rev. Ass'n et al. eds., 21st ed. 2020); *see also* D.N.M.LR-Civ. 1.4 (noting "the numbering and content of the Federal Rules" apply in the District of New Mexico).

grounds. *See Jones*, 466 F. App'x at 703; *see also Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1133 (10th Cir. 2010) (requiring a similar disposition).

**IT IS SO ORDERED**.


/s/
_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE