IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THE ESTATE OF ROBERT A. BURNS,
through Personal Representative
CARLTON MADISON TALLEY, JR.,

              Plaintiff,

      v.                                                        Case No. 1:24-cv-00860-WJ/GBW

RAYMOND G. MURPHY VETERANS' AFFAIRS
MEDICAL CENTER, THE DEPARTMENT OF
VETERANS' AFFAIRS, THE UNITED STATES
OF AMERICA, BOARD OF REGENTS OF THE
UNIVERSITY OF NEW MEXICO, UNIVERSITY
OF NEW MEXICO HEALTH SCIENCES CENTER,
UNIVERSITY OF NEW MEXICO SCHOOL OF
MEDICINE, BLAVIR RUKOV, M.D., DANIEL PADILLA,
M.D., TRAVIS J. CAMPBELL, M.D., ASHLEY M.
CHAVEZ, R.N., SUSAN A. SEGURA WILLIAMS, LCSW,
CHRSTINA R. CAMACHO, LCSW, BRENDA MAYNE,
Ph.D., John/Jane Does-15, and Doe Corporations 1-5,

              Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING UNITED STATES' PARTIAL MOTION TO DISMISS**

      **THIS MATTER** comes before the Court upon the United States' Motion to Dismiss (**Doc. 35**), Plaintiff's Response (**Doc. 37**), and the United States' Reply (**Doc. 41**). After reviewing the Complaint, pleadings, and applicable law—and with the benefit of oral argument on August 20, 2025—the Court now **GRANTS** the Motion as follows:

- Any claims brought against the Department of Veterans Affairs ("VA") and the Raymond G. Murphy Veterans Affairs Medical Center under the Federal Tort Claims Act ("FTCA") are **DISMISSED** in accordance with 28 U.S.C. § 2679(a);

- Any FTCA claims brought against the individually-named employees are **DISMISSED** in accordance with 28 U.S.C. § 2679(b);

1

- Plaintiff's claim for negligent hiring, training, supervision, credentialing, and privileging under the FTCA is **DISMISSED** for failure to exhaust;

- Plaintiff's request for a jury trial under the FTCA is **DISMISSED** under 28 U.S.C. § 2402—as it was improvidently requested; and

- Plaintiff's claims for punitive damages, "exemplary" damages, and prejudgment interest are **DISMISSED** under 28 U.S.C. § 2674.

## BACKGROUND[1]

On November 10, 2023, Carlton Madison Talley, Jr. ("Plaintiff"), as Personal Representative of the Estate of Robert A. Burns, filed an administrative claim with the VA. *See* **Docs. 35-1 & 37-1**. In this claim, Plaintiff asserts that Mr. Burns died because of negligent acts and omissions undertaken by the VA and its employees.

Specifically, in the Basis of Claim, Plaintiff asserted that Mr. Burns died because the VA—and its employees—"negligently allowed Mr. Burns to hang himself while unattended in an unsupervised room." **Doc. 35-1 at 4**. Plaintiff also claimed that Mr. Burns "contracted COVID-19 as a result of the negligence of the VA and its employees." *Id.* Additionally, Plaintiff's SF-95 asserts that the VA and its employees "negligently terminated important portions of Mr. Burns['s] psychiatric and mental health monitoring and treatment plan . . . and failed to ensure his safety." *Id.* Finally, Plaintiff asserted that the VA and its employees "allowed Mr. Burns to access equipment and furnishings, including a ceiling-mounted lift which they knew or should have known could be used to cause self-harm up to and including death." *Id.*

---

[1] When ruling on a 12(b)(6) motion, this Court considers only the contents of the Complaint. There are, of course, exceptions to this rule. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). One such exception is any "document incorporated by reference . . . when no party disputes its authenticity." *Clinton v. Sec. Ben. Life. Ins. Co.*, 63 F.4th 1264, 1275 (10th Cir. 2023) (cleaned up).
  Here, Plaintiff incorporated by reference the Standard Form 95 ("SF-95") into the Complaint. *See* **Doc. 1 at ¶ 56**. This "SF-95" is the form for filing a "Claim for Damage, Injury, or Death." The United States included the SF-95 as an Exhibit in its Response (**Doc. 35-1**). And Plaintiff did not dispute its authenticity. *See* **Doc. 37**. Rather, Plaintiff attached the same SF-95 (**Doc. 37-1**). As such, the Court can—and does—rely on this document.

Later, on August 28, 2024, Plaintiff filed a Complaint (**Doc. 1**) against multiple Defendants for their purported roles in Mr. Burns's death. *Id.* **at ¶ 200**. One of the causes of action alleged is: negligent "credentialing, supervising, and training." *Id.* **at ¶¶ 64 & 65**. Another similar allegation is the United States engaged in "negligent . . . hiring, training, and supervision." *Id.* **at ¶ 103**.

But, as highlighted above, Plaintiff's administrative claim on the SF-95 did not make any mention of the VA's failures in employee hiring, credentialing, training, or supervising any employees or providers.

\* \* \*

The United States moves to dismiss "certain claims, demands, and requests for relief included in Plaintiff's Complaint" under Federal Rules of Civil Procedure 12(b)(1) and (b)(6). **Doc. 35 at 1**. Of note, the United States argues: (1) the Court lacks jurisdiction over Plaintiff's "negligent hiring, training, supervision, credentialing and/or privileging" claim for failure to exhaust, (2) the Court lacks jurisdiction over Plaintiff's claims against the VA and VA hospital, (3) the Court lacks jurisdiction over Plaintiff's claims for punitive damages and prejudgment interest "because the FTCA does not allow such claims," and (4) Plaintiff is not entitled to a jury trial, as requested. *Id.* **at 1–2 & 4–12**.

## LEGAL STANDARD

The FTCA provides a limited waiver of the United States' sovereign immunity for torts committed by the Federal Government. *See* 28 U.S.C. § 1346(b). Necessarily, then, "[t]his unequivocal waiver of immunity must be construed narrowly and the 'limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied.'" *Miller v. United States*, 463 F.3d 1122, 1123 (10th Cir. 2006) (quoting *In re Franklin Sav. Corp.*, 385 F.3d 1279, 1289–90 (10th Cir. 2004)).

The FTCA's waiver of sovereign immunity comes with strings attached.[2]

First, the FTCA bars claimants from bringing suit until they have exhausted their administrative remedies. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). Under the FTCA, the United States waives its sovereign immunity conditioned on the prerequisite that "the claimant shall have first presented the claim to the appropriate Federal agency." 28 U.S.C. § 2675(a). This exhaustion requirement is "jurisdictional and cannot be waived." *Bradley v. U.S. ex rel. Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991); *Lopez v. United States*, 823 F.3d 970, 976 (10th Cir. 2016) (same).[3]

Additionally, a Plaintiff may not name a federal agency as a Defendant. *See Frey v. Town of Jackson*, 41 F.4th 1223, 1240 (10th Cir. 2022) (citing 28 U.S.C. § 2679(a)); *Simmons*, 578 U.S. at 625 (same). Nor does the FTCA allow civil actions to be brought against federal employees. *See Minneci v. Pollard*, 565 U.S. 118, 126 (2012); *Woodruff v. Covington*, 389 F.3d 1117, 1126 (10th Cir. 2004); 28 U.S.C. § 2679(b).

In sum, a Plaintiff must: (1) present his claims prior to suing, and (2) name the proper party—the United States. Errors in either require dismissal.

\* \* \*

There are other limitations, too. Claims brought under the FTCA "may not be tried to a jury." *Engle v. Mecke*, 24 F.3d 133, 135 (10th Cir. 1994) (citing 28 U.S.C. § 2402). And the United

---

[2] As the Supreme Court phrased it, there are "an array of provisions" dictating how FTCA claims must be adjudicated. *Simmons v. Himmelreich*, 578 U.S. 621, 625 (2016) (citing statutes).

[3] This Court need not decide whether the Supreme Court's decision in *Santos-Zacaria v. Garland*, 598 U.S. 411 (2023) undermines Tenth Circuit precedent classifying the FTCA's exhaustion requirement as jurisdictional. *See Rapid Enters., LLC v. U.S. Postal Serv.*, 2025 U.S. App. LEXIS 14189, at *8–9 (10th Cir. June 10, 2025) (Kelly, J.) (declining to "weigh in on" that issue). Instead, this Court cites to binding circuit precedent. *See Rowland v. Matevousian*, 121 F.4th 1237, 1246–47 (10th Cir. 2024) (noting the "FTCA's exhaustion requirement is a 'jurisdictional' matter").

4

States "shall not be liable for interest prior to judgment or for punitive damages." *Ramirez v. Reddish*, 104 F.4th 1219, 1224 (10th Cir. 2024) (citing 28 U.S.C. § 2674).

## DISCUSSION

The burden is on the Plaintiff to both plead and prove compliance with the FTCA's statutory requirements. *See, e.g., Sanchez v. United States*, 49 F.3d 1329, 1329–30 (8th Cir. 1995) (per curiam); *In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir.1987). But irrespective of what Plaintiff alleges in the Complaint, he cannot lodge claims or make requests unless the United States has waived sovereign immunity. "Ignorance of the FTCA's [requirements]" cannot excuse "non-compliance." *Harris v. Burris Chem., Inc.*, 490 F. Supp. 968, 971 (N.D. Ga. 1980); *see also Adeleke v. United States*, 355 F.3d 144, 153 (2d Cir. 2004) (explaining ignorance of the FTCA's requirements is not a defense to dismissal).

Here, Plaintiff did not comply with the FTCA's dictates—and that is dispositive.

For starters, an FTCA claim against a federal agency or employee—as opposed to the United States itself—must be dismissed for want of jurisdiction. *See Giles v. United States*, 906 F.2d 1386, 1388 (10th Cir. 1990); *see also Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). In his Response, Plaintiff "recognizes that the United States is the proper [Defendant]." **Doc. 37 at 3**. Therefore, dismissal is appropriate as to: (1) the Department of Veterans Affairs, (2) the Raymond G. Murphy Veterans Affairs Medical Center, and (3) the individually-named Defendants.[4]

Next, the United States only waives its sovereign immunity when the Plaintiff "ha[s] first presented the claim to the appropriate Federal agency." 28 U.S.C. § 2675(a). Here, Plaintiff did

---

[4] *See* **Doc. 35 at 1 n.1**; *see also* **Doc. 34** (substituting in for "Blavir Rukov, MD; Daniel Padilla, MD; Travis J. Campbell, MD; Ashley M. Chavez, RN; Susan A. Segura Williams, LCSW; Christina R. Camacho, LCSW; and Brenda Mayne, PhD" pursuant to "28 U.S.C. § 2679(d)(1) and 42 U.S.C. § 233(a)").

not present the negligent hiring, training, supervision, credentialing, and privileging claim prior to bringing suit. *See* **Docs. 35-1 & 37-1**. And the Tenth Circuit has made clear that claiming one type of negligence does not allow suing under a different cause of action. *See Lopez*, 823 F.3d at 976–77. Indeed, in *Lopez* the Tenth Circuit determined that an administrative claim for "medical negligence" did not sufficiently encompass "negligent credentialing and privileging." When, as here, the administrative claim does not contain "even a cursory mention" of the alleged claim—then the exhaustion requirement is not satisfied. *See Barnes v. United States*, 707 F. App'x 512, 516 (10th Cir. 2017) (unpublished).[5] As mentioned above, this exhaustion requirement is jurisdictional and cannot be waived. This means the negligent hiring claim must be dismissed. *See Staggs v. U.S. ex rel. Dep't of Health & Hum. Servs.*, 425 F.3d 881, 885 (10th Cir. 2005).

Plaintiff also requested punitive damages. *See* **Doc. 1 at ¶¶ 101, 186, 187**. But the United States is not liable for punitive damages under the FTCA. *See Hatahley v. United States*, 351 U.S. 173, 182 (1956); 28 U.S.C. § 2674. Plaintiff's request for prejudgment interest is not well-taken, either. *See* 28 U.S.C. § 2674; *Ramirez*, 104 F.4th at 1224. In his Response, Plaintiff acknowledges

---

[5] Plaintiff's citations to five district court cases from the: (1) Northern District of Illinois, (2) Eastern District of New York, (3) District of South Dakota, (4) District of D.C., and (5) Western District of Missouri are not binding on this Court. *See* **Doc. 37 at 7–8**. Nor are the Sixth Circuit, Fifth Circuit, or Second Circuit cases cited therein. *See id.* To the extent these cases conflict with the *Lopez* case, the Court places decisive weight in the Tenth Circuit's published opinion over these out-of-circuit decisions. *Cf.* **Doc. 41 at 2**.

Moreover, Plaintiff's argument that § 2675 should not be strictly interpreted, *see* **Doc. 37 at 6**, is patently incorrect. There is no doubt that a waiver of sovereign immunity under § 2675(a) "must be strictly construed . . . in favor of the sovereign." *Ohlsen v. United States*, 998 F.3d 1143, 1154 (10th Cir. 2021) (citing *Sossamon v. Texas*, 563 U.S. 277, 292 (2011)).

Finally, the district court cases from within the Tenth Circuit cited by Plaintiff pre-date both *Lopez* and *Barnes* decisions. *See* **Doc. 37 at 8**. The outlier—and thus, final—case that warrants discussion is *Coffey v. United States*, 906 F. Supp. 2d 1114 (D.N.M. 2012)—a more recent District of New Mexico case. There, the Honorable James Browning noted that the Plaintiff included specific facts related to the subsequent civil claims that put the United States on notice. *See Benally v. United States*, 735 F. App'x 480, 489 n.12 (10th Cir. 2018) (unpublished). In this case, Plaintiff included no specific facts in the SF-95 that put the United States on notice as to the current claim for negligent hiring, training, and supervision. Any reliance on *Coffey*, then, is misplaced.

6

that "punitive damages and pre-judgment interest are currently prohibited under the FTCA." **Doc. 37 at 3**. These requests, demands, or claims are dismissed.

Finally, Plaintiff requested a jury trial. *See* **Doc. 1 at ¶¶ 191 & 199**. This request is disallowed by law, *see* 28 U.S.C. § 2402, and is summarily dismissed.[6]

* * *

Despite admitting that several of the claims have no basis in law, *see* **Doc. 37 at 3**, Plaintiff goes on to say that dismissal of the "claims for punitive damages, pre-judgment interest, and [the] demand for a jury trial would be improper." *Id.* The Court disagrees. Doing anything other than dismissing these claims would be a waste of time. And Plaintiff provides no legal support for the notion that statutorily disallowed claims cannot be dismissed. *See supra* n.6 (discussing another meritless argument made by Plaintiff's counsel); *see also* D.N.M.LR-Civ. 7.8(a)–(c) (discussing citation of pertinent and significant authorities); NMRA § 16-303(A)(2) (explaining a lawyer shall not knowingly "fail to disclose to the tribunal legal authority in the controlling jurisdiction . . . .").

---

[6] Plaintiff's Complaint alleges the FTCA acts as a "usurpation of the 7th Amendment" and "is unconstitutional, particularly given Plaintiff's right to jury trial under Federal and State law." **Doc. 1 at ¶ 191**. This argument is totally devoid of merit—and to be frank, it teeters on almost a sanctionable argument.

The Seventh Amendment states: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law." Thus, the proper starting point for the 7th Amendment is to ascertain what "suits at common law" means. *See Dimick v. Schiedt*, 293 U.S. 474, 476 (1935).

At common law, there was "no right of action against a sovereign enforceable by a jury trial or otherwise." *Glasspool v. United States*, 190 F. Supp. 804, 807 (D. Del. 1961); *see also Osborn v. Haley*, 549 U.S. 225, 252 (2007). "It hardly can be maintained that under common law in 1791 jury trial was a matter of right for persons asserting claims against the sovereign." *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981); *see also* 1 W. BLACKSTONE, *Commentaries on the Laws of England* 235 (1765); *cf. Ligat v. Commonwealth*, 19 Pa. 456, 460 (1852) ("A sovereign . . . is not liable to an action at law, against her consent; and the right of trial by jury has, therefore, no existence in such a case.").

Because there was no common law right to a jury trial against the sovereign, the FTCA does not (nor cannot) act as a "usurpation" of the Seventh Amendment.
* * *
At oral argument, Plaintiff explained the jury trial argument was being preserved in case the law changes. But this Court is obligated to apply the law as it is—not as Plaintiff's counsel wishes it to be.

Plaintiff's claim for punitive damages is disallowed by statute. Plaintiff even admits as much. *See* **Doc. 37 at 11**. Despite Plaintiff's objection, the Court finds that a "flat-out dismissal" is appropriate. The same rings true for the prejudgment interest. *See Tolbert v. Gallup Indian Med. Ctr.*, 555 F. Supp. 3d. 1133, 1173–74 (D.N.M. 2021) (dismissing claims for punitive damages and pre-judgment interest because "Plaintiffs neither cite which constitutional provision 28 U.S.C. § 2674 allegedly violates, nor provide any supporting case law").

Finally, the Court agrees that the UNM Defendants "cannot take advantage of the protections of the [FTCA]." **Doc. 37 at 13**. But that's the very purpose of bifurcation. *See Est. of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 858 (10th Cir. 2005) (citing *United States v. Yellow Cab Co.*, 340 U.S. 543, 555–56 (1951) (suggesting bifurcation when FTCA claims are joined with claims carrying a jury trial right)). But this discussion is wholly academic at this point—as there are no UNM Defendants remaining. *See* **Doc. 61** (Memorandum Opinion and Order granting the UNM Defendants' motion to dismiss).

## CONCLUSION

**IT IS THEREFORE ORDERED** that the United States' Motion to Dismiss (**Doc. 35**) is **GRANTED**. Accordingly, (1) Plaintiff's FTCA claims against the Department of Veterans Affairs and the Raymond G. Murphy Veterans Affairs Medical Center; (2) Plaintiff's FTCA claims brought against any individual employee; (3) Plaintiff's claim for negligent hiring, training, supervision, credentialing, and privileging under the FTCA; and (4) Plaintiff's request for a jury trial, punitive damages, "exemplary" damages, and prejudgment interest are all **DISMISSED**.

What survives, it seems, is Plaintiff's claim regarding medical negligence under the FTCA—but only against the United States as a Defendant.

**IT IS SO ORDERED**.

/s/
_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE